UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLARD PURVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-00563-SEB-MPB |
| | ) |
| INDIANA DEPARTMENT OF CHILD SERVICES, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry on State Defendants' Motion for Summary Judgment**

Defendants Indiana Department of Child Services and Ruth Phelps (collectively "state defendants") October 18, 2016, motion for summary judgment is before the Court. Plaintiff has responded in opposition, and the state defendants have replied.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the non-movant party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when [he] presents definite, competent evidence to

1

rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.*, 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

In ruling on a summary judgment motion, the Court accepts as true the non-movant's evidence, draws all legitimate inferences in favor of the non-movant, and does not weigh the evidence or the credibility of witnesses. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250. The non-movant may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir. 1983).

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. *Fed. R. Civ. P.* 56(c), (e). To establish a genuine issue of fact the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## II. Background

The facts are taken from the complaint and evidentiary materials submitted in support of and opposition to summary judgment.

In 1995, plaintiff Willard Purvis was a sixteen-year-old minor who had been designated a Child in Need of Services ("CHINS") by defendant Indiana Department of Child Services

("DCS"), then known as the Division of Family and Children. Defendant DCS referred plaintiff to a treatment provider in Henry County, Indiana, Mid-Town Mental Health of Henry County. Mid-Town assigned defendant Darrell Hughes, its employee, to counsel plaintiff. Plaintiff alleges that during the course of the counseling, Hughes began to make inappropriate comments and ask sexually specific questions. Hughes also would touch plaintiff on the upper thigh during these conversations. When plaintiff expressed concerns about this conduct to Hughes's supervisor, defendant Ruth Phelps, she did nothing about it, and told plaintiff to "pay it no mind." Thereafter Hughes sexually abused plaintiff on a number of occasions and used a Polaroid camera to take plaintiff's photograph while nude or during sexual acts. Plaintiff reported these sexual assaults to Phelps, but was rebuffed when Phelps accused plaintiff of lying and said she did not want Hughes smeared. She suggested that plaintiff "should move." The sexual abuse continued, but after plaintiff and his mother moved to Indianapolis, there was one more incident of sexual abuse before it stopped. Plaintiff alleges he discussed the sexual abuse a third and final time with Phelps after moving to Indianapolis, but, again, she did not believe him. Plaintiff was not a minor when he moved to and lived in Indianapolis.

Nineteen years later, on May 30, 2014, plaintiff learned that Hughes had been arrested for a sex offense. He alleges this news caused him to remember the incidents of his own sexual abuse, which he had repressed and forgotten. Working with a mental health professional, plaintiff now remembers approximately twenty incidents of sexual assault.

Plaintiff brought suit against defendants in state court on December 29, 2014, alleging claims under 42 U.S.C. § 1983, 18 U.S.C. § 2255, and state law. The action was removed to this Court on April 9, 2015, pursuant to 28 U.S.C. §§ 1441 & 1446. Plaintiff seeks monetary damages.

During screening pursuant to 28 U.S.C. § 1915A, the Court dismissed plaintiff's section 1983 claims, but allowed the section 2255 claim and pendant state law claims to proceed.

Plaintiff's federal claim arises under Section 2255(a) of Title 18, United States Code, which is a part of the Child Abuse Victims' Rights Act of 1986. This particular section, enacted as part of the Protection of Children Against Sexual Exploitation Act of 1978, provides:

> In General.—
>
> Any person who, while a minor, was a victim of a violation of section 1589, 1590, 1591, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

The complaint does not specify which predicate section of section 2255 is applicable.

A primary purpose of the Child Abuse Victims' Rights Act of 1986 was to reach crimes related to child pornography. Pub. L. No. 99–500, § 703(a), 100 Stat. 1783 (listing only 18 U.S.C. §§ 2251, 2252). Congressional findings describe section 2255 as an attempt to address the "multi-million dollar" child-exploitation industry, along with the "physiological, psychological, and emotional harm caused by the production, distribution, and display of child pornography" and the "lack [of] effective remedies under Federal law" available to "exploitation victims." *Id.* at § 702(1)-(3).

An Entry of Default was entered against defendant Darrell Hughes, now an inmate in federal prison, on June 6, 2016. Following discovery, the state defendants have moved for summary judgment. Dkt. 56. Plaintiff has responded in opposition, dkt. 69, and the state defendants have replied. Dkt. 71.

4

## III. Discussion

The state defendants move for summary judgment on several theories. The dispositive theories will be discussed in turn.

### A. Statute of Limitations

A nineteen-year gap between the last incident giving rise to liability and the commencement of a lawsuit raises statute of limitations concerns. The limitations period for plaintiff's federal claim is provided in the statute under which he sues:

> Any action commenced under this section shall be barred unless the complaint is filed within 10 years after the right of action first accrues or in the case of a person under a legal disability, not later than three years after the disability.

18 U.S.C. § 2255(b).

In plaintiff's complaint and in a discovery deposition filed with the summary judgment motion, he alleges Hughes's sexual assaults began in 1995, when plaintiff was sixteen years old, and continued through 1998, when plaintiff was nineteen years old. Because Section 2255 provides a cause of action only for juveniles, any sexual assault occurring after plaintiff turned eighteen years old would not be covered. Thus Section 2255(b)'s ten-year limitations period would begin to run on the date of the last sexual assault occurring while plaintiff was a juvenile. Although that precise date is unknown, this issue can still be resolved by noting that plaintiff turned eighteen years old on September 21, 1999. Ten years after that date – the latest possible limitations deadline under any possible interpretation of the claims and statute – would be September 21, 2009. Plaintiff's federal claims, filed in December 2014, were *at a minimum* five years too late.

However, plaintiff contends he is entitled to toll the limitations period under the discovery doctrine, because his repressed memory did not allow him to recall the sexual abuse until May 30,

2014, when he learned of Hughes's arrest. This action was filed approximately six months later. Plaintiff argues he is entitled, therefore, on "equitable grounds," to have the case proceed.

The discovery rule postpones the start of a limitations period until a plaintiff knows or should have known of the claim. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990). The parties have not cited to any Seventh Circuit authority applying the discovery rule and repressed memory questions to actions under 18 U.S.C. § 2255. The Third Circuit, in *Stephens v. Clash*, 796 F.3d 281 (3d Cir. 2015), held that the discovery rule indeed applies to section 2255 claims. *Id.* at 286-88. However, application of the discovery rule did not save that plaintiff's claims. Finding that the plaintiff knew or should have known that he was injured at the time of the sexual assaults, the Third Circuit found the limitations period had expired and any repressed memory issues did not invoke the discovery rule and save the lawsuit.

> A plaintiff's ignorance regarding the full extent of his injury is irrelevant to the discovery rule's application, so long as the plaintiff discovers or should have discovered that he was injured. *Kach v. Hose*, 589 F.3d 626, 635 (3d Cir. 2009) (statute of limitations begins to run "even though the full extent of the injury is not then known or predictable") (quoting *Wallace v. Kato*, 549 U.S. 384, 391 (2007)). "Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace*, 549 U.S. at 391.

796 F.3d at 288.

The Third Circuit noted that Stephens was "cognizant at all times of the sexual abuse" he suffered, even though he might not have been aware of the full extent of his injuries. *Id.* at 289. The statute of limitations ran from the time of the sexual abuse occurring while Stephens was a minor and it was not tolled. *Id.*

This Court took the same approach in *Ernstes v. Warner*, 860 F. Supp. 1338, 1339 (S.D. Ind. 1994) (rejecting a repressed memory argument, finding that a plaintiff repeatedly sexually

abused from age thirteen to sixteen knew what was occurring and the discovery rule did not apply to save his out-of-time action).

In the instant case, plaintiff knew at the time of his sexual abuse that it was occurring and that it was wrong. He reported it to defendant Phelps, Hughes' supervisor, twice while he was a juvenile, and once after he turned eighteen and was living in Indianapolis. Dkt. 58-2, pp. 16, 20. Plaintiff was aware of the sexual abuse during a time period when he was an adult, and he knew it was wrong because he reported it to Phelps during her visit to his Indianapolis home.

The Court therefore finds that plaintiff knew or should have known that he had been injured by Hughes, at least as recently as when he lived in Indianapolis. It is undisputed that plaintiff knew when he was eighteen years old, in 1999, that he had been the victim of sexual abuse. This action is time-barred, and summary judgment is **granted**.

### B. Interstate Commerce Element

The state defendants also seek summary judgment on the basis that that plaintiff cannot establish an interstate commerce element to his federal claim. The complaint does not specify which predicate section triggers section 2255 liability, but a review of each section shows that either the section is completely inapplicable to plaintiff's allegations, *see, e.g.,* 18 U.S.C. § 1591 ("Trafficking with respect to peonage, slavery, involuntary servitude, or forced labor"), or contains an interstate transportation or federal property element. The three predicate sections most relevant to plaintiff's allegations, 18 U.S.C. §§ 2251, 2252, & 2252A, all contain the requirement of interstate travel or an effect on interstate commerce. The state defendants contend there is no evidence that satisfies the interstate commerce element.

The state defendants assert that all of plaintiff's allegations are set in Indiana, and no movement across state lines ever occurred. *See* dkt. 58-2, p. 26. They also assert that plaintiff's

7

allegations that he was photographed by Hughes are not followed by allegations that the photographs were moved in or affected interstate commerce. There is no evidence about the type of camera used, other than plaintiff's initial assertion in his complaint that it was a Polaroid. Plaintiff testified in his deposition that Hughes told him the pictures were sent to another person, but plaintiff did not who the person was, where they were, or how the pictures were sent. The term "mail" is not used. Dkt. 58-2.

Plaintiff concedes this point. In his response, plaintiff states that "at this time [plaintiff] cannot present further evidence to support the commerce element . . . ." Dkt. 70, p. 1.

The interstate commerce element is not difficult to meet. It is sufficient to show, for example, that child pornography images were produced with a camera that had traveled in interstate commerce, the images were stored on a computer hard drive that had been manufactured in another state or country, or the images had actually traveled in interstate commerce. *See United States v. Foley*, 740 F.3d 1079, 1082 (7th Cir. 2014). In the instant case, however, there is no such evidence. The state defendants have pointed to evidence demonstrating a lack of proof of that element, and plaintiff has failed to come forward with evidence showing otherwise. The Court will not make assumptions that the interstate commerce element has been or will be shown.

If a nonmoving party fails to prove an element of his claim, summary judgment is called for. When this happens, as here, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *see Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990).

The state defendants' motion for summary judgment on the ground that plaintiff has failed to establish all of the necessary elements of his 18 U.S.C. § 2255 claim is therefore **granted**.

### C. State Law Claims

The state defendants seek summary judgment on plaintiff's state law claims for assault, sexual assault, intentional infliction of emotional distress, and negligent infliction of emotional distress, on the grounds that plaintiff failed to comply with the Indiana Tort Claims Act (ITCA), Ind. Code § 34-13-3-6. They contend that plaintiff has given no notice to the state as required by the ITCA in order to maintain a claim against the state. An affidavit of Michael R. Ward, "the duly authorized keeper of all of the notices of tort claims," states that he has no records of plaintiff ever filing a tort claim notice with the state. Dkt. 58, ex. 3. Plaintiff has not responded to this assertion nor offered evidence otherwise.

The failure to file a tort claim with the state is bar to being able to sue the state or its employees. *Poole v. Clase*, 476 N.E.2d 828, 831-32 (Ind. 1985). Accordingly, summary judgment is **granted** for the state defendants and against plaintiff on the state law claims for failure to comply with the ITCA.

### IV. Conclusion

The state defendants have demonstrated entitlement to summary judgment on all claims against them. The October 18, 2016, motion for summary judgment, dkt. [56], is **granted**. Plaintiff's motion in opposition, dkt. [69], is **denied**. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 5/17/2017

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

Willard Purvis
985367
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only